**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSHELLE J. MARTINEZ,<br><br>  Plaintiff,<br><br>v.<br><br>BLACKBAUD, INC,<br><br>  Defendant. | Case No. **'19CV2402 BEN BGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, ROSHELLE J. MARTINEZ, through counsel, WAJDA LAW GROUP, APC, complaining of BLACKBAUD, INC., as follows:

## NATURE OF THE ACTION

1.  This action arises under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. ROSHELLE J. MARTINEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lemon Grove, California.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. BLACKBAUD, INC ("Defendant") is a corporation organized under the laws of Delaware.

9. Defendant has its principal place of business at 2000 Daniel Island Drive, Daniel Island, South Carolina 29492.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 9700.

13. At all times relevant, Plaintiff's numbers ending in 9700 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Defendant provides "Smart Tuition" tuition and payment services to private schools.

16. Parents sign up for Smart Tuition online and make their periodic payments, and Smart Tuition then transmits the tuition payments to the respective school.

17. Plaintiff enrolled her child in St. John of the Cross School.

18. St. John of the Cross School required Plaintiff to utilize Smart Tuition to make tuition payments.

19. Soon, however, Plaintiff unenrolled her child.

20. Plaintiff and the school came to an agreement that no money would be owing.

21. Nevertheless, Plaintiff started to receive phone calls from Defendant.

21. Often times Plaintiff did not answer.

22. These times, Plaintiff received automated/prerecorded messages providing:

*"Hi this is Erica calling from Smart Tuition.  I'm calling to follow up about your Smart Tuition account.  Please call 888-868-8828 to reach us anytime again that's 888-868-8828.  Thank you for your time and return call."*

23. Other times, Plaintiff answered.

24. These times, Plaintiff was met by an automated/prerecorded message providing:

*"This message is on hold for the parent in the household, please press 1 to continue.  If you would prefer that we call back at another time, please press 2.  If we have called you in error and you are not a Smart Tuition family, please press 3."*

25. Plaintiff pressed "1."  Plaintiff experienced momentary pause prior to being connected to Defendant's representative.

26. Plaintiff learned that they were seeking to collect $580.00 from Plaintiff[1].

27. Plaintiff's balance is a "debt" as defined by Cal. Civ. Code. § 1788.2(d).

28. Plaintiff's balance is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

29. Other times, Plaintiff answered and was received by an automated/prerecorded message providing Defendant's "call back" information.

30. On multiple occasions, Plaintiff sought to explain that Plaintiff and the school came to an agreement that no money would be owing to no avail.

31. Accordingly, Plaintiff explicitly instructed Defendant to stop calling.

32. In spite of Plaintiff's explicit request, these phone calls continue to be received.

---

[1] $55.00 in collection fees have been assessed to Plaintiff's account every month subsequent.

33. In fact, Plaintiff has received no less than 10-12 *unconsented-to* phone calls from numbers leading back to Defendant – (888) 868-8828.

34. Defendant's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

35. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

36. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Defendant placed or caused to be placed no less than 10-12 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

39. Upon information and belief, based on the automated/prerecorded messages Plaintiff received, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

40.     Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

41.     Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store numbers to be called; and (B) to dial such numbers.  See *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a random or sequential number generator, but also include devices with the capacity to dial stored numbers automatically.")

42.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

43.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

44.     As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

### COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

46.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.11**

47. California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

48. Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e) by calling Plaintiff's cellular telephone on no less than 10-12 occasions in spite of Plaintiff's explicit request that they stop calling.

49. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d) and (e) pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 16, 2019

Respectfully submitted,

**ROSHELLE J. MARTINEZ**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com